**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHERMAN SINGLETON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-720** |
| **ARTHUR A. MORRELL** | **SECTION "J" (1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Sherman Singleton, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against Arthur A. Morell, the Clerk of the Orleans Parish Criminal District Court. In his complaint, plaintiff claims that the defendant has denied his requests for a public record.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that the complaint should be dismissed as frivolous and/or failing to state a claim on which relief may be granted.

---

[1]   The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

Plaintiff's Claim

Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983.  The United States Fifth Circuit

Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1)
> that he has been deprived of a right secured by the Constitution and the laws of the
> United States, and (2) that the deprivation was caused by a person or persons acting
> under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted).

In this lawsuit, plaintiff claims that the defendant has failed to provide him with a copy of

an audiotape of a state post-conviction hearing held on October 2, 2008.  Plaintiff alleges:  "Mr.

Morell refuses to locate, copy and prepare the Audio Tape(s) for sale pursuant to the Public Records

request that is in his office [sic] possession."[2]  However, even if that allegation is true, plaintiff's

claim implicates no federal constitutional or statutory rights.  Therefore, he has no right to proceed

under 42 U.S.C. § 1983.  See Williams v. Kreider, Civil Action No. 91-4180, 1992 WL 245914, at

* 3 (E.D. La. Sept. 24, 1992) (inmate's claim that an official violated the Louisiana Public Records

Law is based solely in state law and presents no federal constitutional violation cognizable pursuant

to § 1983), aff'd, 996 F.2d 306 (5th Cir. 1993); see also Rinker v. New Orleans District Attorney,

Civ. Action No. 10-810, 2010 WL 2773236, at *6 (E.D. La. June 15, 2010), adopted, 2010 WL

2773383 (E.D. La. July 12, 2010); Harris v. Orleans District Attorney's Office, Civ. Action No. 09-

6622, 2009 WL 3837618, at *3 (E.D. La. Oct. 13, 2009) (adopted by Berrigan, J., on November 9,

---

[2]    Rec. Doc. 1, p. 5.

3

2009); <u>Johnson v. Morrell</u>, Civ. Action No. 09-3753, 2009 WL 2599286, at *2 (E.D. La. Aug. 17, 2009), <u>appeal dismissed</u>, 391 Fed. App'x 333 (5th Cir. 2010), <u>cert. denied</u>, 131 S.Ct. 922 (2011).

<u>**RECOMMENDATION**</u>

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[3]

New Orleans, Louisiana, this second day of April, 2014.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.